Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. That all parties are properly before the Commission and the Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and plaintiff-employee at all relevant times herein.
3. Utica Mutual Insurance Company was the compensation carrier on risk at all relevant times herein.
4. Plaintiffs average weekly wages were $472.56 per week, yielding a compensation rate of $315.04 per week.
5. Plaintiff was injured on the job on 22 November 1997. Plaintiff was out of work from 23 November 1997 through 28 February 1998.
6. The issues to be determined before the Deputy Commissioner were as follows:
 a) Whether plaintiff was disabled as a result of the injuries he sustained on 22 November 1997, while in the course and scope of his employment with defendant-employer?
 b) If so, what, if any, workers compensation benefits is plaintiff entitled to receive as a result of the injuries sustained?
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed with defendant-employer in 1995 as a knitter, and he was working in this position on 22 November 1997.
2. Plaintiffs brother was also employed by defendant-employer in a similar position.
3. On 22 November 1997, plaintiffs brother was operating a machine that was producing defective cloth. His brother changed the needles on the machine attempting to correct the problem, but this failed. Plaintiffs brother then told Peter Lee, a mechanic responsible for changing needles and fixing other problems, about the problem with the machine and asked him to fix it. Peter Lee told plaintiffs brother to change the needles again. Plaintiffs brother told Peter Lee that that was Lees job, and plaintiffs brother went to another machine to work. Peter Lee followed plaintiffs brother and the two of them began to argue over the changing of the needles and repair of the machine. Plaintiff saw the two arguing and went to the office of Mark Lee, the manager, and brought him back to the scene.
4. As plaintiff was walking past Peter Lee, Peter Lee struck plaintiff on the left side of his face with his fist. Plaintiff fell to the floor and covered his face. Plaintiff was fired by defendant-employer for his involvement in this fight. It appears that plaintiffs only involvement was attempting to prevent a fight and while doing so, he was attacked.
5. Plaintiff was taken to the hospital where he was treated and released. Plaintiff did not seek further medical treatment because he did not have any money to pay for additional treatment.
6. Plaintiff was unable to work from 23 November 1997 through 28 February 1998 because of headaches, blurred vision in his left eye, cloudiness over his left eye, sparks in his left eye, and pain in his left knee.
7. Plaintiff was seen and treated by Clayton H. Bryan, M.D., and Brian Edward Smith, M.D. Plaintiff had visual acuity of 20/20 in the right eye and 20/25 in the left eye. Neither doctor could say that the difference in the visual acuity between the left and right eye was a result of plaintiffs injury because they did not have any medical records to compare.
8. There is no evidence that plaintiff was unable to work as of 29 February 1998 as a result of the injuries he sustained on 22 November 1997.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 22 November 1997, plaintiff sustained an injury by accident while he was in the course and scope of his employment with defendant-employer. G.S. 97-2(6).
2. Plaintiff is entitled to total disability compensation benefits at the rate of $315.04 per week from 23 November 1997 through 28 February 1998. G.S. 97-29.
3. Plaintiff is entitled to have defendants pay for all medical expenses incurred or to be incurred as a result of his injury by accident, for so long as such evaluations, examinations, and treatments are reasonably required to effect a cure, give relief, or tends to lessen plaintiffs period of disability. G.S. 97-25.
4. Plaintiff is entitled to a reasonable attorneys fee as a part of the costs on appeal to the Full Commission as defendant-carrier brought this appeal and by this Opinion and Award the Full Commission is ordering defendants to continue payment of benefits. G.S. 97-88.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorneys fee herein approved, defendants shall pay plaintiff total disability benefits at the rate of $315.04 per week beginning 23 November 1997 and continuing through 28 February 1998. All sums that have accrued shall be paid in one lump sum.
2. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief, or tends to lessen plaintiffs period of disability.
3. A reasonable attorneys fee of twenty-five percent of the compensation approved and awarded plaintiff is approved for plaintiffs counsel. Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiffs counsel.
4. Defendant-carrier shall pay as part of costs, plaintiffs attorneys fee in the amount of $500.00 for defending this appeal to the Full Commission. This fee is in addition to the attorneys fee approved in paragraph 3 of this Award.
5. Defendants shall pay the costs of this action.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER